### STEED *v.* GROVES, administratrix.

LITTLE, J. It is upon the trial of an action upon a negotiable promissory note, brought by one other than the original payee, erroneous to reject evidence offered by the defendant which tends to support a plea setting up failure of consideration, and alleging in substance that the plaintiff, even though he may have acquired title to the note before its maturity, did so with full knowledge of the fact that its consideration had failed. One who, under such circumstances, becomes the holder of such a note, takes it subject to the equities existing between the original parties, and it is the right of the maker to plead and prove the same in defense to an action against him by such holder upon such note.

*Judgment reversed. All the Justices concurring.*

Submitted February 10, — Decided March 5, 1898.

Appeal.　Before Judge Reese.　Lincoln superior court.　November term, 1896.

Coleman sued Steed upon a promissory note for $65.25, dated December 11, 1895, due ninety days after date, and payable to Craig & Pitner or bearer.　The note bears an entry of transfer by Craig & Pitner to Coleman, dated December 20, 1895. Defendant pleaded, "that the note sued on was obtained in fraud, which fraud was a total failure of consideration, of which plaintiff was aware before purchasing the same, as he stated to him, and defendant notified him that he would not pay the same, as the consideration for which said note was given was a total failure."　The note appears to have been dated at Lincolnton, and the suit was brought in that county.　The error assigned is, that the court ruled out defendant's testimony, as follows: The note sued upon was given to Oglesby, agent for Craig & Pitner, for the right to make and sell a washing fluid in McDuffie county, and for the services of said agent in helping me sell same, in canvassing the county, and to show me how to

make up the fluid.  The agreement of the agent to show me how to make up the fluid and canvass McDuffie county was a part of the consideration of the note, as I would not have given the note without that agreement. · Said agent failed to show me how to make up the fluid or to canvass McDuffie county, as he promised.  The fluid was of no service to me without knowing how to make it up, and plaintiff has totally failed to carry out contract, and the consideration has totally failed.  On 23d or 24th of December, 1895, I saw plaintiff Coleman in Groves' store in Lincolnton, and he told me he had the note to collect for original payees and to send them the money when collected. I told him the conditions of the note had failed and I would not pay it.  Soon after, I walked out of store, remained a few minutes, and then returned, when plaintiff told me he had bought the note and paid $55 for it, and if I would pay it he would deduct $10.  Some time afterwards, he told me he gave $40 for it.

*John T. West*, for plaintiff in error.